NUMBER 13-09-00440-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


____________________________________________________________


FIRST NATIONAL BANK, Appellant,


v.




MITCHELL C. CHANEY, Appellee.

____________________________________________________________


On appeal from the 107th District Court 


of Cameron County, Texas.


____________________________________________________________


MEMORANDUM OPINION


 

Before Justices Yañez, Rodriguez, and GarzaMemorandum Opinion Per Curiam


 The parties to this appeal have filed a "Joint Motion to Vacate Judgment as to First
National Bank only and to dismiss appeals pursuant to settlement." The Court has
considered the motion and it is the Court's opinion that the motion should be granted in
part and denied in part. (1) Accordingly, without regard to the merits, we vacate the judgment
as to appellant, First National Bank (2), and remand the case to the trial court for rendition of
judgment in accordance with the parties' settlement agreement. See Tex. R. App. P.
42.1(a)(2)(B); 43.2(d).

 The parties request that the Court direct the District Clerk to return the cash deposit
in lieu of supersedeas bond to appellant, together with any interest to which appellant may
be entitled. The request is GRANTED. We direct the District Clerk to return to appellant
the deposit of cash in lieu of supersedeas bond made by appellant, together with any
interest to which appellant may be entitled.

 The parties also request immediate issuance of our mandate. See Tex. R. App.
P.18.1(c). The request is GRANTED. We direct the Clerk of the Court to issue the
mandate immediately. In accordance with the agreement of the parties, costs are taxed
against the party incurring same. See Tex. R. App. P. 42.1(d). 


 PER CURIAM

Delivered and filed the 

15th day of April, 2010. 





 
1. Rule 42.1(a)(2) permits the Court to render judgment effectuating the parties' agreements or to
vacate the trial court's judgment and remand the case to the trial court for rendition of judgment in accordance
with the agreement; we cannot do both. See Tex. R. App. P. 42.1(a)(2)(A), (B). 
2. John Woodard did not perfect an appeal. Therefore, the judgment against John Woodard and in
favor of Mitchell C. Chaney remains in full force and effect.